# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
May 21, 2002 Session

## THOMAS H. NELSON v. ROBIN L. NELSON

### Direct Appeal from the Chanery Court for Gibson County
### No. 15225    George Ellis, Chancellor

---

### No. W2001-01515-COA-R3-CV - Filed July 23, 2002

---

In this divorce case, Husband appeals the type and amount of alimony awarded Wife, the award to Wife of his military Survivor Benefit Plan, the calculation of his retirement pay and the award to Wife of her attorney's fees. We have determined, based on this record, that the judgment be modified to reduce the amount of alimony *in futuro*, but otherwise affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, Thomas H. Nelson.

Richard Gossum, Trenton, Tennessee, for the appellee, Robin L. Nelson.

### OPINION

The marriage between Thomas H. Nelson, M.D., (Husband) and Robin L. Nelson (Wife) began May 5, 1989 and ended with a filing of a final decree on June 15, 2001, wherein the court declared the parties to be divorced. This was the second marriage for each, their first marriages having ended in divorce. Each party had two minor children from their previous marriage and Wife's children resided primarily in the marital home. Her children were 15 and 18 years of age at the time of the divorce. No children were born to this marriage.

Although each party requested the court award them the divorce, no appeal has been taken from the trial court's declaration that the parties be divorced. However, much of the testimony at trial concerned the grounds for divorce.

To the parties credit, they agreed on what items were separate property and upon a division of marital property with the exception of Husband's military retirement pay. Their agreement was

adopted and approved by the trial court. Following the presentation of evidence, the trial court made an oral ruling and subsequently entered a final decree which provides as follows:

1.      Pursuant to T.C.A. Section 34-4-129, [sic][1] the Court declares both parties to be divorced.

2.      The parties' agreement for division of real and personal property (except for plaintiff's military retirement pay) set out in Plaintiff's Exhibit 1, "Stipulation and Statement," is adopted and approved by the Court and incorporated in this Decree by reference.

3.      With respect to Plaintiff's military retirement, Plaintiff Thomas H. Nelson is ordered to maintain the Survivor Benefit Plan and to maintain Robin L. Nelson as the beneficiary of said plan as "former spouse."

4.      Beginning July 15, 2001, Plaintiff Thomas H. Nelson is ordered to pay Defendant Robin L. Nelson 17.75% of Plaintiff's monthly retirement less the cost of the Survivor Benefit Plan (SBP). Presently, 17.75% of Plaintiff's monthly retirement less the SBP cost ($4,926-$321.90) is $817.31. Plaintiff is ordered annually to provide Defendant a copy of the Leave and Earnings Statement which he receives each December, beginning with the December, 2000 Leave and Earnings Statement.

5.      Beginning July 15, 2001, Plaintiff Thomas H. Nelson is ordered to pay Robin L. Nelson $3,200 per month as alimony in future until her death or remarriage.

6.      Plaintiff is ordered to pay Richard Gossum, attorney for Robin L. Nelson, $3,250 for his services in this cause, and to pay the costs of the cause as alimony in solido.

7.      Robin L. Nelson is ordered restored to the name of Robin L. Mucciarone.

The issues on appeal, as presented in Husband's brief, are as follows:

I.      Whether the trial court erred in awarding Wife alimony *in futuro* rather than rehabilitative alimony.

II.     Whether the alimony award is excessive.

_____

[1]The correct code section is 36-6-129 and the final decree is modified accordingly.

III.	Whether the trial court erred in awarding Wife the Survivor Benefit Plan (SBP).

IV.	Whether the trial court erred in basing Wife's share of Husband['s] military retirement pay of 24.5 years of service for Husband, rather than 28.8.

V.	Whether the trial court erred in awarding Wife her attorneys' fees.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Rule 13(d) Tenn. R. App. P.; ***Brooks v. Brooks***, 992 S.W.2d 403, 404 (Tenn. 1999). Our review of questions of law is *de novo*, without a presumption of correctness. ***Burlew v. Burlew***, 40 S.W.3d 465, 470 (Tenn. 2001).

*Alimony*

Husband contests both the type and amount of the award of alimony. He contends that the trial court should have awarded rehabilitative alimony and correctly notes that the General Assembly has stated an intent that a spouse who is economically disadvantaged relative to the other spouse be rehabilitated whenever possible. However, where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set forth in the statute, the court may order support on a long-term basis or until death or remarriage of the recipient. Tenn. Code Ann. § 36-5-101(d)(1).

In determining the nature, amount, length of term and manner of payment, the statute provides that the court shall consider all relevant factors including:

> (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
> (B) The relative education and training of each part, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
> (C) The duration of the marriage;
> (D) The age and mental condition of each party;
> (E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;
> (F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I) The standard of living of the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-101(d)(1)(2001).

Husband completed his medical degree while serving in the United States Air Force (USAF) and prior to this marriage. His official retirement date was December 31, 1997. After his retirement from the service, Husband became employed as an emergency room physician. The parties met while Husband was stationed in San Antonio, Texas and Wife was working there as a legal secretary. Soon after the parties married, she quit her job to assist Husband in his military career. In addition to being a homemaker Wife, at least initially, acted as Husband's administrative assistant, typing documents, proof reading his work and helping him in various other ways and meeting expectations of the wife of a military officer. During the marriage, she obtained a Bachelor's degree in Sociology and a Master's degree in Operational and Industrial Psychology. However, she testified that she has no experience in this area. She plans to move to Las Vegas, Nevada and has made arrangements to purchase a home there. She testified that there were no job opportunities for her in Trenton, Tennessee. However, she had explored the job market in Las Vegas and determined that there are numerous job opportunities there for a legal secretary. She testified that she is hopeful that she can eventually make contacts and build her confidence level to the point where she could obtain employment utilizing her degrees.

Trial courts have broad discretion in determining the need for spousal support and the nature, amount and duration. Appellate courts are not inclined to second guess the trial court unless its decision is not supported by the evidence or contrary to public policies reflected in the applicable statutes. *See Anderton v. Anderton*, 988 S.W.2d 675, 682 (Tenn. Ct. App. 1998).

In reviewing the facts of this case, we note that Wife has experience as a legal secretary and has obtained both a Bachelor's and Master's degree. Therefore, we agree that she is not a candidate for rehabilitation. In reviewing the facts of this case, we cannot say that the trial court abused its discretion in awarding Wife alimony *in futuro* or that the evidence preponderates to the contrary.

With respect to the amount of alimony, Husband contends that it is excessive and was the result of an abuse of discretion by the trial court. While each factor of the alimony statute must be considered, need and ability to pay are the most important considerations. *See Anderton*, 988 S.W.2d at 683. It is apparent from this record that Husband has the ability to pay. During the marriage his earnings totaled $1,601,739 and hers totaled $19,834 with most of her earnings being in 1990 and 2000. In the three years prior to the trial, Husband earned $218,502, $250,539 and $249,493. Each party received approximately $96,000 in their equal division of marital property and Wife intends to pay $66,000 of this for a down payment and closing costs on a home. Husband argues that his high earnings were a result of working large amounts of overtime and that he should not be forced to continue working these hours. However, there is no indication in the record that Husband had any problem with his hours prior to the breakup of the marriage. Wife testified that she estimated her monthly expenses, following her move, to be in excess of $6,000. The trial court noted in its oral ruling that these include expenses for her two children from a prior marriage for which Dr. Nelson has no legal obligation. Thus the trial court found her needs with respect to an award of alimony to be "in the nature of $4,000." The award of $3,200 per month as alimony *in futuro* coupled with the award of her portion of Husband's retirement benefits of slightly over $800 per month total approximately $4,000. However, we must consider Wife's testimony that she expects to begin working as a legal secretary at a salary of $25,000 with expectations of reaching as high as $50,000 ultimately. Therefore, it is the judgment of this Court that the award of alimony *in futuro* be reduced to $2,000 per month and the judgment of the trial court is modified accordingly.

### *Survivor Benefit Plan*

Husband's retirement package from the military includes a Survivor Benefit Plan (SBP). Three hundred and twenty one dollars ($321) per month is deducted from his retirement pay and, upon his death, a beneficiary is entitled to receive somewhat over one-half of the retirement pay that Husband currently receives each month. Husband testified that his options with respect to designation of a beneficiary are limited to either his first wife or to Ms. Nelson. This is a benefit Wife would only receive upon Husband's death. We find no abuse of discretion on the part of the trial court in awarding this benefit to Wife.

### *Husband's Military Retirement*

Husband argues that the trial court erred in its calculation of his retirement pay by dividing the length of the marriage (8.66 years) by his number of years of active service in the military of 24 years 5 months when the court should have used 28.8 years. He contends that this would reduce Wife's award of his retirement pay to $687.55. Husband identified a document entitled Special Orders which he described as his discharge order from the military. The document notes service for basic pay 28 years 9 months 29 days. However, it also notes active service for retirement 24 years 5 months 2 days, which is the figure used by the trial court in its calculations. Therefore, we cannot say that the evidence preponderates against the finding of the trial court.

### *Attorney's Fees*

Husband seeks reversal of the trial court's award of $3,250 of Wife's attorney's fees. He acknowledges that the decision to award attorney's fees is within the sound discretion of the trial court and this Court will not interfere unless the evidence preponderates to the contrary. *See Kinard v. Kinard*, 986 S.W.2d 220, 236 (Tenn. Ct. App. 1998); *Houghland v. Houghland*, 844 S.W.2d 619, 623 (Tenn. Ct. App. 1992). He argues that she has sufficient assets as a result of her distribution of marital property in excess of $96,000. While he acknowledges that she has spent or committed these funds, the large majority of which is in conjunction with her move and purchase of a home in Nevada, she could have instead moved to San Antonio, Texas, where she owns a condominium which she had at the time of the marriage. As heretofore noted, Wife had investigated job opportunities for someone with her background and experience and found numerous opportunities in Las Vegas. We do not fault Wife for her selection of a post-divorce residence. We find no abuse of discretion by the trial court in its award of attorney's fees. However, we decline Wife's invitation to award her attorney's fees incurred as a result of this appeal.

The judgment of the trial court is modified to reduce the amount of alimony *in futuro* to $2,000 per month and the judgment is otherwise affirmed. The costs of this appeal are taxed to the appellant, Thomas H. Nelson, and his surety and this cause is remanded for any further necessary proceedings.

_____
DAVID R. FARMER, JUDGE