# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 13, 2011 Session

## ANTHONY BRUCE COLSTON v. MELINDA KAY COLSTON

**Appeal from the Circuit Court for Sumner County**
**No. 28454C      C. L. Rogers, Judge**

---

**No. M2010-02094-COA-R3-CV - Filed June 30, 2011**

---

In this post-divorce proceeding, Husband appeals the trial court's order requiring him to pay an alimony arrearage of $86,000.00. We affirm the judgment for the arrearage and remand the case for reconsideration of the requirement that Husband pay the arrearage at $1,500.00 per month.

**Tenn. Rule App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Gary Michael Williams, Hendersonville, Tennessee, for the appellant, Anthony Bruce Colston.

Mark Thomas Smith, Gallatin, Tennessee, for the appellee, Melinda Kay Colston.

## MEMORANDUM OPINION[1]

## I. Facts and Procedural History

In this case, we are called upon to review the trial court's order requiring Husband to pay an alimony arrearage of $86,000.00 which accrued from the entry of the Final Decree

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of Divorce until Husband filed a Petition to Terminate Alimony. Anthony Bruce Colston ("Husband") and Melinda Kay Colston ("Wife") were divorced on September 21, 2007. The Final Decree of Divorce ordered Husband to pay Wife alimony *in futuro* in the amount of $3,000 per month. Husband appealed the award of alimony *in futuro*, and this Court upheld the award in *Colston v. Colston*, No. M2007-02757-COA-R3-CV, 2009 WL 2589040 (Tenn. Ct. App. Aug. 21, 2009).

On December 10, 2009, Husband filed a Petition to Terminate Alimony averring that he was physically unable to work due to "severe medical conditions." Husband alleged that his physical condition constituted a substantial and material change of circumstances warranting the termination of his alimony obligation. Wife filed an answer in which she denied that Husband was entitled to relief, and stated that Husband had not paid alimony in accordance with the prior order of the court, which resulted in a significant alimony arrearage.

The court held a hearing on Husband's petition on August 24, 2010 at which Husband testified that he had nine surgeries, including four amputations, since the entry of the Final Decree of Divorce. Husband testified that as a result of these surgeries, he experienced severe depression and blood clots and was unable to work. Husband stated that his only income was a monthly social security disability payment of $1,640.00. Wife advised the court that she had no objection to the termination of Husband's alimony obligation as of the date Husband filed his Petition to Terminate Alimony; however, she objected to Husband being excused from paying alimony from September 2007 until December 2009.

The court entered an order on September 8, 2010 and noted that Wife, "advised the Court [she] had no objection to the termination of alimony from the time [Husband] filed his petition but [she] did object to excusing any of his court ordered alimony payments from September 15, 2007 until December 10, 2009." The trial court held that Husband, "had violated the orders of this Court by not paying alimony as ordered" and required Husband to pay $1,500.00 per month toward an alimony arrearage of $86,000.00 plus ten percent per annum in interest, to be deducted from Husband's disability check. The court terminated Husband's alimony obligation as of December 10, 2009, the date Husband filed the Petition to Terminate Alimony.

Husband appeals raising the following issues for our review:

I. Whether the trial court erred in ordering Husband to pay an alimony arrearage from September 2007 to December 2009 in the amount of $86,000.

II. Alternatively, whether this Court should reduce Husband's monthly arrearage payment to $500 per month.

## II. Discussion

The Final Decree of Divorce awarded Mother alimony *in futuro* in the amount of $3,000.00 per month, an amount which the trial court set based upon Wife's need and Husband's ability to pay. Husband appealed the trial court's award of alimony and this Court affirmed the trial court, finding that "the nature and amount of the alimony awarded by the trial court was supported by the evidence." *Colston v. Colston*, No. M2007-02757-COA-R3-CV, 2009 WL 2589040, at *3 (Tenn. Ct. App. Aug. 21, 2009). In this proceeding, Husband contends that his medical problems constitute a substantial and material change in circumstances and that he should be excused from paying the arrearage which accrued since the entry of the Final Decree; he requests that the termination of his alimony be retroactive to September 2007.

Pursuant to Tenn. Code Ann. §36-5-121(f)(2)(A), "An award of alimony *in futuro* shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstance." Until the necessary change in circumstance is shown and the award modified, the order "shall be entitled to be enforced as any other judgment of a court of this state . . . ." Tenn. Code Ann. § 36-5-121(o). Tenn. Code Ann. §36-5-121(f)(2)(A) does not expressly authorize the court to make a modification of an award of alimony effective prior to the date of filing of the petition to modify. To the extent that the statute allows retroactive modification in the exercise of the court's discretion, the record does not support a finding that the court abused its discretion in not making the cessation of alimony payments retroactive.[2] We affirm the court's entry of judgment for the arrearage in the amount of $86,000.00.

Next, we must determine whether the trial court erred in requiring Husband to pay $1,500.00 per month toward the arrearage. Husband requests that this Court reduce the monthly payment to $500.00.

In the Final Decree, the trial court determined that Husband had the ability to pay $3,000.00 per month in alimony; this determination was supported by evidence of Husband's

---

[2] Trial courts have broad discretion to determine whether spousal support is needed and, if so, its nature, amount, and duration. *Broadbent v. Broadbent,* 211 S.W.3d 216, 220 (Tenn. 2006); *Bratton v. Bratton*, 136 S.W.3d 595, 605 (Tenn. 2004). Accordingly, appellate courts are disinclined to second-guess the trial court's alimony determination. *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001); *Nelson v. Nelson*, 106 S.W.3d 20, 23 (Tenn. Ct. App. 2002). Under an abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made.." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

ability to earn income from a cable sales business despite his disabilities.[3] In considering the petition to modify, the trial court made no findings as to Husband's physical condition or whether he had the ability to earn income to supplement the $1,640.00 in social security disability he receives monthly.

While we acknowledge and appreciate the trial court's willingness to allow the judgment to be paid in monthly installments, we are unable to discern the basis upon which the court determined Husband could pay $1,500.00 per month. Husband testified that he paid the cost of medications from the money he received from disability payments, which left him with "little or no money at the end of the month."[4] In light of this testimony, the evidence does not support the requirement that Husband pay $1,500.00 per month toward the judgment. Consequently, we reverse the order requiring Husband to pay $1,500.00 per month and remand the case for reconsideration of the amount to be paid monthly to satisfy the arrearage.

_____
RICHARD H. DINKINS, JUDGE

---

[3] In 2007, Husband was found by an administrative law judge of the social security administration to be disabled "because of insulin dependent diabetes mellitus with peripheral neuropathy, chronic pain syndrome, torsion dystonia, pontine stroke and depression." *Colston v. Colston*, 2009 WL 2589040, at *1.

[4] Husband introduced a list of fourteen medications he takes; however he did not include the monthly cost of the medication.