# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**July 1, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

WILLIAM MICHAEL ANDERTON,      )
                               )
    Plaintiff/Appellant,       )      Williamson Chancery
                               )      No. 22482
VS.                            )
                               )      Appeal No.
EVELYN ADELE MORGAN ANDERTON,  )      01A01-9701-CH-00013
                               )
    Defendant/Appellee.        )

## OPINION ON PETITION FOR REHEARING

Mr. Anderton has filed a Tenn. R. App. P. 39 petition for rehearing and a Tenn. R. App. P. 14 motion to consider post-judgment facts with regard to his actual gross income in 1996 and 1997. Ms. Anderton has filed a response to these motions. We have determined that Mr. Anderton's motions should be granted.

Our June 5, 1998 opinion addressed issues concerning Mr. Anderton's child support and spousal support obligations. We determined that the trial court's failure to follow the child support guidelines resulted in Mr. Anderton paying child support in amounts far less than what the guidelines required. Accordingly, we remanded the case to the trial court for the second time to set Mr. Anderton's child support in accordance with the guidelines and to determine the amount of and make arrangements for payment of the child support arrearage.

On the issue of spousal support, we determined that the trial court had overstated Mr. Anderton's ability to pay rehabilitative spousal support in light of the correct amount of his child support obligation and his actual income. We also determined that Ms. Anderton should receive rehabilitative rather than long-term spousal support. Thus, we found that Ms. Anderton was entitled to rehabilitative spousal support for ten years beginning from the date of the original 1995 divorce decree and that the amount of this support beginning in October 1996 should be $3,000 per month.

In his petition for rehearing, Mr. Anderton requests this court to reconsider its disposition of the spousal support issue and (1) to decrease the term of Ms. Anderton's rehabilitative support, (2) to decrease the amount of his spousal support to $2,000 per month, and (3) to order that this decreased amount of child support relate back to the date of the original divorce. In support of his petition for rehearing, Mr. Anderton has filed copies of his 1996 and 1997 W-2 Wage and Tax Statements showing that his actual net monthly income in 1996 was approximately $6,200 and that his actual net monthly income in 1997 was approximately $8,000. Our original decision to set Mr. Anderton's spousal support at $3,000 per month was based on evidence that his net earning potential was $9,150 per month. In light of the post-judgment facts concerning his actual income for 1996 and 1997, we have determined that the amount of Mr. Anderton's spousal support obligation beginning in October 1996 should be reduced from $3,000 as reflected in our original opinion to $2,000.

We affirm all other portions of our earlier opinion relating to Mr. Anderton's child support and spousal support obligations. We remand the case to enable the trial court to calculate the correct amount of Mr. Anderton's child support obligation since June 1995, to determine the amount of arrearage, if any, of Mr. Anderton's child support and spousal support obligations, and to establish appropriate arrangements for paying down the child support arrearage in a way that reimburses Ms. Anderton for her expenditures for the children or otherwise benefits the children.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE