IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 11, 2001 Session

## STUART EDWIN LOWENKRON v. LAURA ANN PASKULY LOWENKRON

**Appeal from the Chancery Court for Hamblen County**
**No. 98-275     Thomas R. Frierson, Chancellor**

**FILED JANUARY 17, 2002**

**No. E2001-00957-COA-R3-CV**

---

The spousal support obligation of the appellant was suspended during his disability, but was ordered to resume when he returned to the practice of medicine. He disfavors the requirement that he must resume alimony payments when he returns to employment. Judgment affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J. and HERSCHEL P. FRANKS, J., joined.

Douglas R. Beier, Morristown, Tennessee, for the appellant, Stuart Edwin Lowenkron.

Denise Terry Stapleton, Morristown, Tennessee, for the appellee, Laura Ann Paskuly Lowenkron.

## OPINION

These parties were divorced in January 1999 and have since engaged in a flurry of motions and petitions, one of which was filed by the appellant in March 2000 to modify his spousal support obligation of $1,800.00 monthly for 24 months, $1,250.00 monthly for 24 months, and $1,000.00 monthly for 24 months, owing to his inability to practice medicine because of chronic depression. He alleged that his monthly income decreased from an average of $23,000.00 to $8,000.00, which he received pursuant to a policy of disability insurance, which, superimposed upon his former wife's relocation to New York where she resides with her parents who provide support, constitutes a change of circumstances justifying termination of his obligation of support.

The appellant argues that while the Chancellor was correct in suspending his alimony obligation until he returned to practice, he erred in ordering the suspension to be temporary since his future income could not now be determined. His argument continues that the obligation should be terminated, not subject to reinstatement except upon notice and hearing at an appropriate time.

This is the issue presented for review, which is *de novo* on the record. We presume the correction of the judgment unless the evidence otherwise preponderates. Rule 13(d) T.R.A.P.

We are not here concerned with the amount of alimony, which is largely a discretionary matter for the trial judge, *see, **Anderton v. Anderton,*** 988 S.W.2d 675 (Tenn. Ct. App. 1998), and we have heretofore affirmed the appellee's entitlement to a rehabilitation award. *See, **Lowenkron v. Lowenkron***, 2000 Tenn. App. LEXIS, 155, (March 2000). The award may be altered or terminated upon proof of change in circumstances, ***McCarty v. McCarty***, 863 S.W.2d 716 (Tenn. Ct. App. 1992), the burden of which is upon the appellant.

Courts are strictly abjured to balance the factors enumerated in Tenn. Code Ann. § 36-5-101(d)(1) relative to a determination of spousal support issues. ***Watters v. Watters***, 22 S.W.3d 817 (Tenn. Ct. App. 1999). Against this background, we have carefully reviewed the evidence and conclude that it does not preponderate against the findings of the Chancellor. It is pertinent to observe that the remedy fashioned by the Chancellor is fair to both parties and affords a somewhat unusual respite to the appellant.

The judgment is affirmed at the costs of the appellant, Stuart Edwin Lowenkron.

_____
WILLIAM H. INMAN, SENIOR JUDGE