IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, August 20, 2002

## PHILLIP RAY BURDETT v. KATHY ARWOOD BURDETT

**Direct Appeal from the Circuit Court for Monroe County**
**No. V00088P     Hon. Lawrence Puckett, Circuit Judge**

**FILED SEPTEMBER 27, 2002**

**No. E2002-01071-COA-R3-CV**

---

In this divorce action, the issue is whether the division of marital property by the Trial Court is equitable. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Kevin W. Shepherd, Maryville, Tennessee, for Appellant, Phillip Ray Burdett.

J. Reed Dixon, Sweetwater, Tennessee, for Appellee, Kathy Arwood Burdett.

### OPINION

In this divorce action, the sole issue on appeal as framed by the husband is: "Whether the inequitable division of property by the Trial Judge was justified, based upon the Trial Court's finding that the inequitable division which favored the wife would be deemed a type of alimony."

In this regard, the Trial Court in the Divorce Decree, after making a division of the marital assets, held:

Based upon the Court's evaluation of assets, the value of the assets, the plaintiff is to receive approximately $44,000.00 more than the value of the property awarded to the defendant. The findings of the Court is based on Tenn. Code Ann. §36-4-121 and is an unequal but equitable division, based on the difference in income and earning capacity of the parties and further, as alimony *in solido*.

The parties were divorced after a 30-year marriage. The husband worked for the railroad during most of the marriage, and at the time of the divorce was earning approximately $58,000.00/$60,000.00 per year gross. He also had a retirement benefit and a small amount of stock. The wife maintained the home and reared the children. During the last 3-1/2 years of the marriage, the wife returned to school and earned an RN degree. At the time of the divorce she was working as a nurse with a salary of $28,000.00 per year. The parties own the marital residence and 18 acres, valued at $145,000.00.

After taking into account the marital debt and worker's compensation benefit distribution to the husband, the net award to the wife was $172,832.00, and the net award to the husband was $147,330.00.

Our review of a trial court's finding of fact is *de novo* with a presumption of correctness, unless the preponderance of evidence is otherwise. Tenn. R. App. P. Rule 13(d). *Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998). Trial courts have wide discretion in making awards of alimony and the division of marital property, and we are disinclined to second-guess such determinations unless they are contrary to the preponderance of the evidence. *Wilson v. Moore*, 929 S.W.2d 367, 375 (Tenn. Ct. App. 1996). The husband essentially argues that the Trial Court did not decide the case in the manner he preferred, but does not point out an error of law or fact.[1] The issue thus becomes whether the Trial Court abused its discretion. The gravamen of the husband's argument focuses upon the award of the marital residence and acreage to the wife. He insists that he should be permitted to buy her out, or the property be sold and the proceeds split, or the property be divided between them. At the outset we observed it is settled that the division of the marital estate is not rendered inequitable simply because it is not precisely equal. *Manis v. Manis*, 49 S.W.3d 295, 306 (Tenn. Ct. App. 2001). It is also settled that it is the overall final result by which the fairness of the division is to be judged; not singling out one item of property in isolation. *Wright v. Quillen*, 909 S.W.2d 804, 811 (Tenn. Ct. App. 1995); *Watters v. Watters*, 959 S.W.2d 585, 591 (Tenn. Ct. App. 1997).

Awarding the marital residence and acreage to the wife is supported by the evidence. The Court identified and applied the pertinent statutory factors, the length of the marriage, the wife's contribution as a homemaker and parent, and her absence from the workforce for many years. Compared to the husband she has limited retirement benefits and approximately half of his earning capacity.

The husband argues the wife was awarded rehabilitative alimony, but did not prove the need. However, the decree specifically characterizes the amount over an equal distribution as alimony *in solido*. One appropriate purpose of *in solido* awards may be to adjust the distribution of the parties' marital property. *Burlew v. Burlew*, 40 S.W.3d 465, 471 (Tenn. 2001). Another purpose

---

[1]Husband cites *Crabtree v. Crabtree*, 16 S.W.3d 356 (Tenn. 2000), where the Court held that awards of rehabilitative and *in futuro* alimony are inconsistent. In this case, however, there was no award of *in futuro* alimony.

of spousal support is to aid the economically disadvantaged spouse in becoming and remaining self-sufficient, and to mitigate the harsh realities of divorce. An unequal division of assets strikes a balance to equalize the economic positions of the parties. *See Anderton v. Anderton*, 988 S.W.2d 675, 682 (Tenn. Ct. App. 1998).

It was appropriate and the evidence supports the Trial Judge's determination to make an equal distribution of the parties' marital property and in awarding the home and acreage to the wife, treat the excess over one-half as alimony *in solido*.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Phillip Ray Burdett.

_____
HERSCHEL PICKENS FRANKS, J.