IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted on Briefs October 22, 2008[1]

## In the Matter of: E.G.B.

**Appeal from the Juvenile Court for Fayette County**
**No. C-485     Michael W. Whitaker, Judge**

_____

**No. W2008-00810-COA-R3-JV - Filed June 4, 2009**

_____

This is a child support case. The child's mother is married to a man who is not the child's biological father. The biological father petitioned the trial court to order genetic testing to establish paternity and to set child support. The mother sought the dismissal of the biological father's petition, asking that her husband be designated as the child's legal father. The husband also intervened, seeking dismissal of the petition and asking to be designated as the legal father. The trial court ordered genetic testing, which showed that the petitioner was the child's biological father. The trial court declared the petitioner to be the child's legal father and he began to pay the mother child support. An agreed permanent parenting plan was eventually entered, but the issue of child support was reserved. The mother sought retroactive child support for the five month period between the child's birth and the date on which the biological father began to pay child support. The trial court denied the mother's request, without including written findings to explain the reason for deviating from the presumption under the child support guidelines that retroactive support should be awarded. The mother now appeals. We remand for the trial court to either comply with the child support guidelines or make specific findings to support deviation from the guidelines.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

William S. Rhea, Somerville, Tennessee, for the Respondent/Appellant M.B. and the Intervenor/Appellant J.B.

Mitchell D. Moskovitz and Adam N. Cohen, Memphis, Tennessee for the Petitioner/Appellee J.P.

---

[1] This case was remanded to the trial court for entry of a final order. The final order was received by this Court on March 9, 2009.

## OPINION

### FACTS AND PROCEDURAL HISTORY

The child in this case, E.G.B., was born on October 11, 2006. At the time of the child's birth, E.G.B's mother, the Respondent/Appellant M.B. ("Mother"), was married to the Intervenor/Appellant J.B. ("Husband"). Although Husband had undergone a vasectomy prior to the child's conception, he nevertheless signed the birth certificate as E.G.B's father. Subsequently, Mother and Husband underwent voluntary genetic testing, which revealed that Husband was not E.G.B's biological father.

On November 6, 2006, the Petitioner/Appellee J.P. ("Father") filed a petition in the trial court below, seeking DNA testing to establish parentage, to establish a meaningful parenting schedule, to set child support, to adopt a parental bill of rights, and to alternate the dependency exemption. In the petition, Father alleged that he and Mother had had a physically intimate relationship at or around the time of E.G.B's conception. On November 29, 2006, Mother filed her response, admitting that she and Father had been physically intimate at a time coinciding with E.G.B's conception. In this initial response, Mother agreed that the trial court should order DNA testing.

On December 5, 2006, Mother filed an amended response in which she asked the trial court to dismiss Father's petition and declare Husband to be E.G.B's legal father. On the same date, Husband filed a petition to intervene, seeking the dismissal of Father's petition and asking to be designated as E.G.B's legal father.

On December 12, 2006, the trial court entered an order requiring Father, Mother, and E.G.B. to submit to DNA testing by December 15, 2006. On December 15, Mother and Husband sought dismissal of Father's petition for lack of jurisdiction over a necessary party, or in the alternative to stay the proceedings for the appointment of a guardian ad litem for E.G.B. The trial court declined to dismiss for lack of jurisdiction and declined to appoint a guardian ad litem. On December 19, 2006, Mother and Husband filed an application for extraordinary appeal with this Court pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The trial court proceedings were temporarily stayed and Father was ordered to file a response to the Rule 10 application. On February 9, 2007, the application for extraordinary appeal was denied and the order staying the trial court proceedings was vacated.

After that, results of the DNA testing were released. The testing established a 99.999% probability that Father is the biological father of E.G.B. In light of these results, Father filed an amended petition in the trial court seeking to be designated as E.G.B.'s primary residential parent, to have the trial court set a temporary parenting schedule, and to appoint a guardian ad litem.

On February 22, 2007, the trial court entered an order which designated Father as E.G.B's legal father, established a temporary parenting schedule, retained Mother as the child's primary residential parent, appointed a guardian ad litem, and required the parties to seek agreement on

temporary child support by April 13, 2007. In March 2007, Father began paying Mother $2,100 per month in child support. On October 12, 2007, the trial court entered a permanent parenting plan that was agreed upon by the parties. However, the consent parenting plan reserved several issues, including child support, for later determination by the trial court.

The trial of the reserved issues took place on January 30, 2008. The order on these issues was entered on March 18, 2008. In the order, Father was ordered to pay Mother child support in the amount of $2,100 per month beginning February 1, 2008 and to pay $1,000 per month into an educational trust for E.G.B.'s college expenses. Mother was ordered to pay for E.G.B's private school education through high school. Both parties were required to maintain health insurance on E.G.B., and the responsibility for uncovered medical expenses was allocated seventy-five percent to Father and twenty-five percent to Mother. Father and Mother were ordered to acquire life insurance policies on their lives, with E.G.B. as the beneficiary, in the amount of $500,000 and $250,000, respectively. Father was also ordered to reimburse Mother for expenses associated with E.G.B.'s birth.

Mother and Husband then filed a timely notice of appeal to this Court. On May 22, 2008, the trial court entered an order nunc pro tunc, denying Mother's request for retroactive child support for the five-month period from E.G.B.'s birth in October 2006 through the time Father began paying child support in February 2007.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Mother argues that the trial court erred in declining to require Father to pay child support retroactive to the date of E.G.B.'s birth. In the alternative, Mother contends that the trial court's order must be reversed because the trial court failed to issue written findings explaining why application of the child support guidelines requiring child support retroactive to the date of birth would be inappropriate. Father argues that the trial court's order should be affirmed, and seeks reasonable attorney's fees and expenses that he has incurred in the course of this appeal.

The trial court's decision regarding whether to award retroactive child support is reviewed under an abuse of discretion standard. *In re T.K.Y.*, 205 S.W.3d 343, 355 (Tenn. 2006) (citing *State ex rel Coleman v. Clay*, 805 S.W.2d 752, 755 (Tenn. 1991)). However, the trial court's discretion is limited by Tennessee Code Annotated § 36-5-101(e)(1)(A), which requires the trial court to presumptively apply the child support guidelines, and by Section 36-2-311(a)(11)(A), which includes a presumption that child support "shall be awarded retroactively to the date of the child's birth." *In re T.K.Y.*, 205 S.W.3d at 355. The issue of whether the trial court's order must be reversed because it includes no written findings to support the deviation from the child support guidelines is a question of law.

## ANALYSIS

We first address the argument by Mother and Husband that the trial court's order must be reversed because it did not include findings to support the decision to deviate from the child support

guidelines. The trial court's order, denying Mother's request for retroactive child support for the five-month period between the date of E.G.B.'s birth in October 2006 to the date on which Father began to pay child support in February 2007, included no findings explaining its decision.

The applicable statutes and regulations include a presumption that retroactive child support will be awarded from the date of the child's birth in accordance with the child support guidelines. *See* T.C.A. § 36-2-311(a)(11)(A) (2005);[2] Tenn. Comp. R. & Regs. 1240-2-4-.06(1) (2008).[3] If the trial court deviates from the child support guidelines and declines to award retroactive child support, the statute and regulations mandate that the trial court's decision "shall be supported by written findings in the tribunal's order" explaining the reasons for the deviation and finding specifically that application of the guidelines would be unjust or inappropriate. *See* T.C.A. §§ 36-2-311(a)(11)(B), (F), 36-5-101(e)(1)(A) (2005);[4] Tenn. Comp. R. & Regs. 1240-2-4-.06(2), -.07(1) (2008).[5]

---

[2]The relevant statute provides in pertinent part as follows:

When making retroactive support awards pursuant to the child support guidelines established pursuant to this subsection (a), the court shall consider the following factors as a basis for deviation from the presumption in the child support guidelines that child and medical support for the benefit of the child shall be awarded retroactively to the date of the child's birth.

T.C.A. § 36-2-311(a)(11)(A) (2005).

[3]The relevant regulation provides in pertinent part as follows:

(1) Unless the rebuttal provisions of Tennessee Code Annotated §§ 36-2-311(a)(11) or 36-5-101(e) have been established by clear and convincing evidence provided to the tribunal, then, in cases in which initial support is being set, a judgment must be entered to include an amount of monthly support due up to the date that an order for current support is entered:
      (a) From the date of the child's birth:
          1. In paternity cases.

Tenn Comp. R. & Regs. 1240-2-4-.06(1) (2008).

[4]The relevant statutes provide in pertinent part as follows:

In cases in which the presumption of the application of the guidelines is rebutted by clear and convincing evidence, the court shall deviate from the child support guidelines to reduce, in whole or in part, any retroactive support. The court must make a written finding that application of the guidelines would be unjust or inappropriate in order to provide for the best interests of the child or the equity between the parties.

T.C.A. § 36-2-311(a)(11)(B) (2005).

In making any deviations from awarding retroactive support, the court shall make written findings of fact and conclusions of law to support the basis for the deviation, and shall include in the order the

(continued...)

-4-

While Father acknowledges that the trial court's written order failed to include findings explaining its basis for declining to award retroactive support, Father insists that the record includes sufficient evidence to support the trial court's decision. In support of this assertion, he cites prior cases from this Court, discussed below.

---

[4](...continued)
total amount of retroactive support that would have been paid retroactively to the birth of the child, had a deviation not been made by the court.

T.C.A. § 36-2-311(a)(11)(F) (2005).

In making the court's determination concerning the amount of support of any minor child or children of the parties, the court shall apply, as a rebuttable presumption, the child support guidelines, as provided in this subsection (e). If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child or children, or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

T.C.A. § 36-5-101(e)(1)(A) (2005).

[5]The relevant regulations provide in pertinent part as follows:

(2) Deviations from the presumption that a judgment for retroactive support shall be awarded back to the date of birth of the child, the date of the separation of the parties, or the date of abandonment of the child shall be supported by written findings in the tribunal's order that include:
>    (a) The reasons the tribunal, pursuant to Tennessee Code Annotated §§ 36-2-311(a)(11)(A) or 36-5-101(e)(1)(C), deviated from the presumptive amount of child support that would have been paid pursuant to the Guidelines; and
>    (b) The amount of child support that would have been required under the Guidelines if the presumptive amount had not been rebutted; and
>    (c) A written finding by the tribunal that states how, in its determination,
>>        1. Application of the Guidelines would be unjust or inappropriate in the particular case before the tribunal; and
>>        2. The best interests of the child or children who are subject to the support award determination are served by deviation from the presumptive guideline amount.

TENN COMP. R. & REGS. 1240-2-4-.06(2) (2008).

The tribunal may order as a deviation an amount of support different from the amount of the presumptive child support order if the deviation complies with the requirements of this paragraph (1) and with this chapter. The amount or method of such deviation is within the discretion of the tribunal provided, however, the tribunal must state in its order the basis for the deviation and the amount the child support order would have been without the deviation. In deviating from the Guidelines, primary consideration must be given to the best interest of the child for whom support under these Guidelines is being determined.

TENN COMP. R. & REGS. 1240-2-4-.07(1)(b) (2008).

In the record, Father points to statements made by the trial court, after the trial court learned of Husband's vasectomy and that Mother and Husband obtained genetic testing that ruled out the possibility that Husband was E.G.B.'s biological father. Father contends that these statements support the trial court's deviation from the guidelines:

> The Court: I'm struggling for the words to fit this situation, but that seems to be obstructing civil justice. I haven't read the Pleadings since last year. But that would also seem to me to be filing something that's false in the Court or, at least, giving the impression. Because I did have the sense when I ordered the DNA testing that there was a chance. And, frankly, I think we were all rooting that it would be [Husband's] child because that would have solved all of our problems up here with this case.
> Now, I don't know how that impacts him economically other than, you know, . . . it should not have been handled that way.
>
> * * *
>
> The Court: Well, I don't know how it's going to shake out economically, but – there's no other way I can say it – it was wrong – and I don't know whether it impacts what we've got to do today – it was wrong to be appealing the DNA test and the results of it for [Father] and to keep him from the child all those months when [Mother and Husband] knew full well. There's only other one [sic] possibility that there had been the relationship with a third male somewhere, which I don't think is the situation.
> So even while we were delaying this from November up until February, they knew. They filed under oath, opposing the introduction of the DNA test, which clearly established [Father] to be the father of this child.
> Mr. Rice, that's not treating the Court in good faith.
> Mr. Rice: Your Honor –
> The Court: It's not treating [Father] in good faith.
>
> * * *
>
> The Court: [Mother and Husband] knew darn well that he wasn't the father, that she knows who she had sexual intercourse with. And unless she had had intercourse with someone other than [Father], he was the father.
> So that was a Pleading filed and proceedings undertaken to impair the legal rights of [Father] and to further confuse and impair the obligation of the Court.

Father asserts that these statements by the trial court explain its decision to deviate from the child support guidelines.

Father cites prior decisions in which this Court has affirmed trial court orders deviating from the child support guidelines on the basis that there was sufficient evidence in the record to support the trial court's decision, even absent written findings. *Bostick v. Bostick*, 1993 WL 90363, at *3 (Tenn. Ct. App. Mar. 30, 1993); *Koch v. Koch*, 874 S.W.2d 571, 578 (Tenn. Ct. App. 1993); *Gilland v. Gilland*, No. M2002-02276-COA-R3-CV, 2004 WL 2583885, at *11 (Tenn. Ct. App. Nov. 9,

2004). In **_Koch_** and **_Gilland_**, the trial courts made specific oral findings explaining the reasons for deviating from the guidelines, which were included in the transcripts. **_Koch_**, 874 S.W.2d at 578; **_Gilland_**, 2004 WL 2583885, at *11.[6]

We note, however, that these decisions are at odds with the clear requirements of the statute and the regulations, mandating that the trial court make specific written findings explaining the reasons for the deviation. **_See Berryhill v. Rhodes_**, 21 S.W.3d 188, 193 (Tenn. 2000); **_Anderton v. Anderton_**, 988 S.W.2d 675, 679–82 (Tenn. Ct. App. 1998). Regardless, the statements by the trial judge on which Father relies are not specific and are not cited by the trial judge as findings that justify deviating from the child support guidelines. Under these circumstances, we must remand the cause to the trial court with directions to either apply the child support guidelines or to make written findings to support deviation, in accordance with the applicable statutes and regulations.

Husband asks this Court to award him reasonable attorney's fees and expenses incurred in this appeal. An award of attorney's fees on appeal is within the discretion of this Court. **_Harris v. Harris_**, No. M2008-00601-COA-R3-CV, 2009 WL 416007, at *4 (Tenn. Ct. App. Feb. 18, 2009) (citing **_Archer v. Archer_**, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). In light of our holding above, we respectfully decline Husband's request for attorney's fees.

The case is remanded for further proceedings consistent with this Opinion. Costs on appeal are taxed to the appellee J.P., for which execution may issue if necessary.

$$\overline{\phantom{HOLLY M. KIRBY, JUDGE XXXXXX}}$$

HOLLY M. KIRBY, JUDGE

---

[6] In both cases, the proceedings below were contentious and protracted, which apparently made the appellate court loathe to remand the case for the purpose of obtaining written findings. **_Koch_**, 874 S.W.2d at 578; **_Gilland_**, 2004 WL 2583885, at *11.