# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 9, 2015 Session

## STEPHANIE BRUMMETT ZARECOR v. GLENN PAYNE ZARECOR, SR.

**Direct Appeal from the Chancery Court for Tipton County**
No. 30181     Martha B. Brasfield, Chancellor

_____

**No. W2014-01579-COA-R3-CV – Filed July 9, 2015**

_____

This appeal involves a trial court's award of alimony in a divorce action. Wife filed for divorce in November 2012. Following a two-day trial, the trial court entered an order awarding Wife $10,000 as alimony *in solido* and transitional alimony of $1,000 per month for three years and, thereafter, $650 per month for an additional four years. Husband appealed the alimony awards. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Jason Robert Creasy, Dyersburg, Tennessee, for the appellant, Glenn Payne Zarecor, Sr.

David Meux Livingston, Brownsville, Tennessee, for the appellee, Stephanie Brummett Zarecor.

### MEMORANDUM OPINION[1]

### I. Background

Glenn Payne Zarecor, Sr. ("Husband") and Stephanie Brummett Zarecor ("Wife") were married on November 21, 2001. The parties were married for ten years and six

---

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

months before they separated in May 2012. Together they had one son, who was born in 2003. When the parties married, they were both working for the United States Department of Agriculture ("USDA"), but, in October 2002, Wife quit her job because Husband and Wife agreed that she would stay home with the parties' minor child. Husband has a four-year college degree and makes roughly $90,000 per year working for the USDA. However, during their marriage, Husband and Wife undeniably lived well above their means. They accumulated a significant amount of credit card debt and refinanced the marital residence because their spending exceeded the marital income.

Wife filed for divorce in November 2012. During the pendency of the divorce, Wife began seeking full-time employment by applying for numerous jobs. At that time, she was 51 years old. She had a two-year degree from a business college and some clerical skills, but she was essentially out of the work force for about 10 years. She was initially only able to find part-time work, but at the time of trial, she was in a full-time position with the Carl Perkins Child Abuse Center earning approximately $18,000 per year.

Before the matter went to trial, many of the disputed issues, such as the primary residence for the minor child, visitation, and division of personal property, were settled in mediation. On March 12, 2014, the Chancery Court for Tipton County issued an oral ruling after a two-day trial and declared the parties divorced. The court entered an Order of Absolute Divorce and a Permanent Parenting Plan Order on July 15, 2014.

Concerning the marital debt, the court ordered the parties solely responsible for the debts in their own names. At the time of trial, the marital debt equaled $76,936.81, with $36,302.63 in Wife's name and $40,634.18 in Husband's name. The court also addressed the division of Husband's Thrift Savings Plan ("TSP"). At the time of the parties' marriage, the principal balance was $94,314.59, which the court noted was Husband's separate property. The marital portion of the TSP totaled $296,722.50 as of November 2013, and the court ordered that the marital portion be divided equally. The court also found that Wife was entitled to a portion of Husband's additional retirement funds in the Federal Employees Retirement System. The court determined the present value of the marital portion of the retirement fund due to Wife to be $30,903.31, which was to be taken from Husband's portion of the TSP.

In addition, the court awarded Wife $10,000 as alimony *in solido* to be taken out of Husband's portion of the TSP. Regarding child support, the court ordered Husband to pay Wife $927 per month and an additional $50 per month toward his child support arrearage balance of $852 until that amount had been paid in full. Finally, the court awarded Wife transitional alimony of $1,000 per month for three years and, thereafter, $650 per month for four years. Additionally, because he was $2,000 in arrears on

alimony, Husband was also required to pay an additional $500 per month until the arrearage was paid in full.

The trial court did not make further written findings related to the alimony awards. Husband appeals.

## II. Issues Presented

Husband raises the following issues on appeal, which we have slightly reworded:

1. Whether the trial court erred in failing to make findings of fact required by Tennessee Rule of Civil Procedure 52.01.

2. Whether the trial court erred in awarding Wife alimony in solido and transitional alimony.

For the following reasons, we affirm the trial court's decision.

## III. Standard of Review

Trial courts have broad discretion in determining matters of spousal support. *Anderton v. Anderton*, 988 S.W.2d 675, 682 (Tenn. Ct. App. 1998). This Court is generally disinclined to second-guess a trial court's spousal support decision because it "is factually driven and involves the careful balancing of many factors." *Gonsewski v. Gonsewski,* 350 S.W.3d 99, 105 (Tenn. 2011) (citing *Kinard v. Kinard,* 986 S.W.2d 220, 235 (Tenn. Ct. App. 1998)). Thus, we review a spousal support decision for abuse of discretion. *Robertson v. Robertson,* 76 S.W.3d 337, 343 (Tenn. 2002). "An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski*, 350 S.W.3d at 105 (citing *Wright ex rel. Wright v. Wright,* 337 S.W.3d 166, 176 (Tenn. 2011)).

## IV. Discussion

We begin with Husband's argument that the trial court erred by failing to make specific findings of fact to support its decision to award transitional alimony and alimony *in solido* to Wife. The trial court's written order, which was issued on July 15, 2014, is sparse on findings concerning the bases for the awards of alimony in this case. Thus, Husband contends that the trial court's order does not comply with Tennessee Rule of Civil Procedure 52.01. Conversely, Wife argues that the trial court's order is sufficient

3

because the court's oral findings, provided in the transcript of the evidence on appeal, illustrate the analysis the court went through in reaching its decision regarding the alimony awards.

"In bench trials, trial courts must make findings of fact and conclusions of law to support their rulings." *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012). Tennessee Rule of Civil Procedure 52.01 states, in pertinent part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

"Simply stating the trial court's decision, without more, does not fulfill this mandate." *Barnes v. Barnes*, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012).

> There is no bright-line test by which to assess the sufficiency of factual findings, but "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue."

*Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013) (quoting 9C *Federal Practice & Procedure* § 2579, at 328).

"The General Assembly's decision to require findings of fact and conclusions of law is 'not a mere technicality.'" *Hardin*, 2012 WL 6727533, at *3 (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009)). Findings and conclusions serve the important purposes of facilitating appellate review and promoting the just and speedy resolution of appeals. *Id.* Without sufficient findings and conclusions, "'this court is left to wonder on what basis the court reached its ultimate decision.'" *Id.* (quoting *In re K.H.*, 2009 WL 1362314, at *8).

When the trial court fails to make sufficient findings of fact and conclusions of law, the appropriate remedy is generally to vacate the trial court's judgment and remand the case to the trial court for written findings of fact and conclusions of law. *Hardin* at *5. However, when the issue on appeal involves a clear legal issue or the trial court's decision is "readily ascertainable," we may "soldier on" and consider the merits of the case. *Hanson v. J.C. Hobbs Co., Inc.*, No. W2011-02523-COA-R3-CV, 2012 WL 5873582, at *10 (Tenn. Ct. App. Nov. 21, 2012) (internal citations omitted). This case presents a decision that is "readily ascertainable." While the best practice is to make

specific findings of fact and conclusions of law in a written order, we cannot ignore the fact that, in this case, the trial court made factual findings and explained her reasoning regarding the alimony awards across fifteen pages of the transcript. *See Parrish v. Parrish*, No. W2013-00316-COA-R3-CV, 2013 WL 3203352, at *3 (Tenn. Ct. App. June 21, 2013) (electing to "soldier on" because the trial court's reasoning was ascertainable from the hearing transcript). Therefore, we will "soldier on" and review the trial court's alimony awards.[2]

Tennessee recognizes four distinct types of spousal support: (1) alimony *in futuro*, (2) alimony *in solido*, (3) rehabilitative alimony, and (4) transitional alimony. Tenn. Code Ann. § 36-5-121(d)(1) (2014). The two types of alimony at issue in this case are alimony *in solido* and transitional alimony. Alimony *in solido* is a form of long-term support, and it is often awarded to adjust the distribution of the marital estate. *Gonsewski*, 350 S.W.3d at 107. In addition, it "may be awarded in lieu of or in addition to any other alimony award, in order to provide support, including attorney fees, where appropriate." Tenn. Code Ann. § 36-5-121(d)(5). Transitional alimony assists the disadvantaged spouse with "the transition to the status of a single person." *Id.* at 109 (internal quotation marks omitted). "Transitional alimony is designed to aid a spouse who already possesses the capacity for self-sufficiency but needs financial assistance in adjusting to the economic consequences of establishing and maintaining a household without the benefit of the other spouse's income." *Id.* "[T]ransitional alimony has been described as a form of short-term 'bridge-the-gap' support designed to 'smooth the transition of a spouse from married to single life.'" *Mayfield v. Mayfield*, 395 S.W.3d 108, 115 (Tenn. 2012) (citations omitted).

The trial court awarded Wife $10,000 as alimony *in solido* "to help the wife have a [] residence." In his brief, Husband argues the award was inappropriate because "[a]lthough referenced as in solido alimony, it appears that the award was to allow [Wife] to transition from married life to single life." However, section 36-5-121(d)(5) specifically provides that "[a]limony in solido may be awarded in lieu of or in addition to any other alimony award, *in order to provide support*, including attorney fees, where appropriate." Tenn. Code Ann. § 36-5-121(d)(5) (emphasis added). Taking the record as a whole, and considering the trial court's statements regarding the alimony *in solido* award, we cannot determine that the trial court applied an incorrect legal standard or abused her discretion in making this award.

Husband also takes issue with the trial court's award of transitional alimony. Husband does not argue that the amount of transitional alimony awarded is excessive, nor does he argue that he does not have the ability to pay. Rather, he argues that the trial

---

[2]Although we are "soldiering on" in this case, oral findings are no substitute for written rulings, and we may decline to "soldier on" in cases without clear written rulings in the future.

court made no express finding as to what Wife would be unable to do as she adjusts to life as a single person without an award of transitional alimony.

The trial court awarded transitional alimony to Wife pursuant to Tenn. Code Ann. § 36-5-121(g) and clearly considered the factors contained in Tenn. Code Ann. § 36-5-121(i).[3]  The court's oral ruling considered the relative earning capacities and financial resources of the parties, the disparity in earning capacity between the parties, the ten year duration of the marriage, the age of the parties, the provisions made with regard to the marital property, the standard of living the parties established during their marriage, and the Wife's contribution to the marriage as a homemaker.  The trial court noted that the parties accumulated a significant amount of money in the TSP but that the parties

---

[3]Tennessee Code Annotated Section 36-5-121(i) provides as follows:

(i)   In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

(1)   The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2)   The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3)   The duration of the marriage;

(4)   The age and mental condition of each party

(5)   The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6)   The extent to which it would undesirable for a party to seek employment outside the home, because such party will be custodian or a minor child of the marriage;

(7)   The separate assets of each party, both real and personal, tangible and intangible;

(8)   The provisions made with regard to the marital property, as defined in § 36-4-121;

(9)   The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12)  Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

overspent during the marriage and would need to cut their expenditures. Based on our review of the record, Wife was a disadvantaged spouse, in that her salary was substantially lower than Husband's, and she was out of the workforce for ten years. Wife's financial affidavit indicated a shortfall of over $2,000 per month. The trial court acknowledged the ten year duration of the parties' marriage but nevertheless determined that transitional alimony was appropriate. "[T]rial courts in Tennessee have broad discretion to determine whether spousal support is needed and, if so, to determine the nature, amount, and duration of the award." *Mayfield*, 395 S.W.3d at 114 (citations omitted). Given the record as a whole, the trial court's decision regarding transitional alimony was not illogical and was not an abuse of discretion.

## V. Conclusion

For the aforementioned reasons, the decision of the chancery court is hereby affirmed. Costs of this appeal are taxed to the appellant, Glenn Payne Zarecor, and his surety, for which execution may issue, if necessary.

_____
BRANDON O. GIBSON, JUDGE