# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 9, 2003 Session

## RANDY J. OVERSTREET v. REBECCA D. OVERSTREET

**Appeal from the Circuit Court for Davidson County**
**No. 01D-1938      Marietta Shipley, Judge**

---

### No. M2002-01178-COA-R3-CV - Filed June 3, 2003

---

In this divorce Husband appeals the type and amount of alimony awarded Wife at the end of a twenty-three year marriage. Because the evidence does not preponderate against the trial court's findings and the trial court acted within its discretion in applying relevant legal principles, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Second Circuit Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J., joined.

Vicky V. Klein, Madison, Tennessee, for the appellant, Randy J. Overstreet.

D. Scott Parsley, Joshua G. Strickland, Nashville, Tennessee, for the appellee, Rebecca D. Overstreet.

### MEMORANDUM OPINION[1]

The parties were married for twenty-three years. They stipulated grounds for divorce and were declared divorced pursuant to Tenn. Code Ann. § 36-4-129. They also agreed to an equal distribution of property, and the trial court approved that agreement. The trial court awarded Wife alimony *in futuro* of $100 per week. The only issue in this appeal by Husband is the nature and amount of alimony.

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Trial courts have broad discretion to determine whether spousal support is needed and, if so, its nature, amount and duration. *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001). Appellate courts are generally disinclined to second-guess a trial court's spousal support decision unless it is not supported by the evidence or is contrary to public policies reflected in applicable statutes. *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001). Our role is to determine whether the award reflects a proper application of the relevant legal principles and that it is not clearly unreasonable. *Id*. 60 S.W.3d at 733. When the trial court has set forth its factual findings in the record, we will presume the correctness of those findings so long as the evidence does not preponderate against them. Tenn. R. App. P. 13(d); *Bogan*, 60 S.W.3d at 733; *Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn.2000).

Pursuant to Tenn. Code Ann. § 36-5-101(a)(1), courts have discretion to order "suitable support and maintenance of either spouse by the other spouse . . . according to the nature of the case and the circumstances of the parties. . . ." There are no hard and fast rules for spousal support decisions, such determinations require a careful balancing of the relevant factors, and the determinations hinge on the unique facts of each case. *Robertson v. Robertson*, 76 S.W.3d 337, 338 (Tenn. 2002). In determining whether to award support and the nature, amount and length of such support, the court is to consider all relevant factors, including those enumerated in Tenn. Code Ann. § 36-5-101(d)(1).[2]

Among the factors to be considered by the courts in making spousal support decisions, the two considered to be the most important are the disadvantaged spouse's need and the obligor

---

[2]The factors the court must consider in setting the alimony obligation are:

(A) The relative earning capacity, obligations, needs and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
(B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
(C) The duration of the marriage;
(D) The age and mental condition of each party;
(E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;
(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;
(G) The separate assets of each party, both real and personal, tangible and intangible;
(H) The provisions made with regard to the marital property as defined in §§ 36-4-121;
(I) The standard of living of the parties established during the marriage;
(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;
(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and
(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-101(d)(1).

spouse's ability to pay. *Robertson*, 76 S.W.3d at 342; *Bogan,* 60 S.W.3d at 730. The statutory factors to be considered include the relative earning capacity, obligations, needs, and financial resources of each party; the relative education and training of each party; the ability and opportunity and necessity of each party to secure such education and training in order to improve such party's earning capacity to a reasonable level; and the assets of each party, whether they be separate assets or marital property awarded in the divorce. Tenn. Code Ann. § 36-5-101(d)(1).

There can be no dispute that Wife is economically disadvantaged, the first requirement for an award of alimony. Tenn. Code Ann. § 36-5-101. Both parties have a high school education and both have worked throughout the marriage. At the time of the divorce, Wife was 46 and Husband was 42. Wife has performed mostly factory work and at the time of the divorce was working at a book bindery for $9.00 per hour. A comparison of the parties' income over the past six years shows that Husband has routinely made approximately twice as much as Wife. At the time of the divorce his income was $43,000 and hers was $19,200. It is unlikely her income will rise significantly through promotion. Wife's work experience, age, and education do not suggest a strong likelihood she can change careers to one more lucrative or with greater opportunities for higher eventual earnings. The evidence does not preponderate against the trial court's finding that Husband has the greater ability to earn income.

Husband asserts that alimony *in futuro* is not appropriate. It is accurate that where economic disadvantage exists, the legislature has expressed a preference for rehabilitative alimony over long-term, open-ended alimony *in futuro*. Tenn. Code Ann. § 36-5-101(d)(1); *Robertson*, 76 S.W.3d at 339-40; *Burlew*, 40 S.W.3d at 470; *Crabtree*, 16 S.W.3d at 358. The purpose of an award of rehabilitative alimony is to encourage divorced spouses to become self-sufficient. *Robertson,* 76 S.W.3d at 339-40; *Burlew*, 40 S.W.3d at 471, *Crabtree*, 16 S.W.3d at 360. Rehabilitative alimony is appropriate where the spouse is economically disadvantaged, but where rehabilitation is possible by the grant of "rehabilitative, temporary support and maintenance." Tenn. Code Ann. § 36-5-101(d)(1). Such support may assist the disadvantaged spouse in obtaining further education or training or may also provide temporary income to support the disadvantaged spouse during the post-divorce economic adjustment. *Robertson*, 76 S.W.3d at 340-41.

In determining whether a disadvantaged spouse can be rehabilitated with short-term support, the court is to consider "every relevant factor." *Id.* 76 S.W.3d at 340. Neither the standard of living the parties enjoyed during the marriage nor the income or earning potential of the other spouse can be used as the sole or determinative factor. *Id*.; *Crabtree*, 16 S.W.3d at 359.

Where, considering all the relevant factors, rehabilitation is not possible, the courts should not refrain from awarding long-term support when that support is appropriate under the statutory factors. *Robertson*, 76 S.W.3d at 341-42. The statutory preference for rehabilitative support does not entirely displace other forms of support. *Id*.; *Anderton v. Anderton*, 988 S.W.2d 675, 682 (Tenn. Ct. App. 1998). The support statute itself provides for the grant of an award of support on a long-term basis "where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors." Tenn. Code Ann. § 36-5-101(d)(1). The purpose of alimony

*in futuro* is to provide financial support to a spouse who cannot be rehabilitated. *Burlew*, 40 S.W.3d at 470-71.

Although the trial court did not make a specific finding that economic rehabilitation of Wife is not feasible, the facts support such a finding. Based upon her earnings and her stated expenses, Wife was not self-sufficient at the time of the divorce. There is no evidence in the record to indicate that rehabilitative alimony for a short period of time would enable Wife to increase her earning capacity significantly enough to become economically self-sufficient. Therefore, we conclude that rehabilitative alimony is not required and that alimony *in futuro* is appropriate.

Husband also asserts the amount of alimony is excessive; that the court awarded more than Wife's expense statement showed she needed; and the amount is greater than he can pay based on his own income and expense statement.

Wife's statement shows expenses of $2,000 per month, with net take home pay of $1,400. Husband's statement includes a monthly income amount lower than his income for the prior year. He testified he had voluntarily taken a job with reduced earnings but reduced hours to allow more time for responsibilities related to the parties' adult daughter who lived with him. She was employed, but did not drive. His statement also includes $336 in monthly expenses related to the daughter, including food, clothing, recreation, and health insurance.

Having fully reviewed the record, we conclude that the evidence does not preponderate against the trial court's determination of Wife's need and husband's ability to pay.

We affirm the trial court's award of alimony. Costs of this appeal are taxed to the appellant, Randy J. Overstreet.

_____
PATRICIA J. COTTRELL, JUDGE