IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 11, 2020 Session

## CANDACE RENEA CAVNESS HOWARD (BEASLEY) v. BRECK MARKHAM BEASLEY

**Appeal from the Chancery Court for Tipton County**
**No. 27855    William C. Cole, Chancellor**

—————————————————————

**No. W2019-01972-COA-R3-CV**

—————————————————————

This appeal concerns a post-divorce motion to terminate transitional alimony. In the parties' MDA, they agreed the ex-wife would receive transitional alimony for eleven years. In 2013, the ex-husband filed the motion to terminate, alleging that the ex-wife had remarried and was cohabitating with her new spouse and that the new spouse was providing financial support. Several years later, the trial court heard the motion and terminated transitional alimony as of December 31, 2018. In rendering its decision, the trial court failed to comply with the requirements of Tennessee Rule of Civil Procedure 52.01. Therefore, we vacate the trial court's decision and remand with instructions to make the necessary findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Jason R. Creasy, Dyersburg, Tennessee, for the appellant, Breck Markham Beasley.

Daniel E. Brown, Arlington, Tennessee, for the appellee, Candace Renea Howard.

## OPINION

### I.    FACTS & PROCEDURAL HISTORY

This case presents a dispute between ex-spouses in what has been protracted post-divorce litigation. Candace Howard and Breck Beasley were married on July 25, 1992, in

Ridgely, Tennessee. Two children were born from the marriage, both of whom have since reached the age of majority. Mrs. Howard is a school teacher, and Dr. Beasley is a chiropractic doctor. The parties separated on January 15, 2009, and on May 14, 2010, Mrs. Howard filed her complaint for divorce.

On June 20, 2011, the parties entered into a marital dissolution agreement ("MDA"). The MDA resolved several issues related to the parties' divorce. Pertinent to this appeal were the MDA provisions that controlled Dr. Beasley's payments to Mrs. Howard for issues such as alimony, child support, and property division. The MDA states, "[Dr. Beasley] shall pay to [Mrs. Howard] the sum of One Thousand Dollars ($1,000.00) per week for the period from 20 June 2011 to 13 June 2022. This payment represents property division, spousal support, and child support." More specifically, for the division of marital property, Dr. Beasley was required to pay $548.00 per week for the stated time period; for child support, $274.38 per week; and for spousal support, $177.62 per week. The MDA specifically designated the spousal support as transitional alimony.

On June 20, 2011, the trial court entered its final decree. In its final decree, the court awarded Mrs. Howard a divorce on the ground of irreconcilable differences. The court also found the MDA to be an equitable settlement between the parties and incorporated it by reference into its final decree.

Over the next several years, both parties submitted numerous filings to the trial court, including petitions for civil contempt, motions for sanctions, a motion to compel discovery and a petition for injunctive relief.

Prior to many of these filings, in December 2013, Dr. Beasley filed a motion to terminate Mrs. Howard's transitional alimony. Mrs. Howard had married Alan Howard in October 2012. In his motion, Dr. Beasley asserted that Mr. Howard provided financial support to Mrs. Howard, and therefore his spousal support obligation should be terminated under Tennessee Code Annotated section 36-5-121(g)(2). For reasons that are unknown to this Court, Dr. Beasley's motion to terminate transitional alimony went unresolved for several years. The trial court heard Dr. Beasley's motion on August 29, 2019.

Prior to trial, the parties agreed to appoint a Special Master to determine the dates and amounts of payments that Dr. Beasley made to Mrs. Howard. Thereafter, the Special Master filed a report with the trial court that detailed his findings. The report indicated that, under the MDA, from 2013 through January 29, 2018 (the date Mrs. Howard filed her final petition for contempt), Dr. Beasley owed Mrs. Howard $264,000 in financial support. During that time, Dr. Beasley only paid $161,371.50, leaving arrears that totaled $102,682.50.

At the outset of trial, the parties made several stipulations. They agreed that the Special Master's report was an accurate account of Dr. Beasley's arrears; they stipulated

that in May 2018, Dr. Beasley made a payment of $25,000 that reduced his total arrears to $77,628.50; and Dr. Beasley stipulated that he was in civil contempt for his arrears. The trial court heard testimony from Mrs. Howard and Dr. Beasley.

Mrs. Howard testified to her relationship with her new husband, Mr. Howard. She also testified on their joint earnings since being married and how the two have divided household bills. She further described many of Dr. Beasley's actions that she has taken issue with and stated that she is still in need of spousal support. The majority of Dr. Beasley's testimony focused on his income and spending habits.

On October 3, 2019, the trial court entered its final written order. In its final order, the court found that Mrs. Howard was remarried in October 2012 and that "[her] new spouse maintained a good job with a good income." The court found that in "2015, 2016 and 2017, [Dr.] Beasley did not pay half of his total obligation despite amassing a small fortune for himself, and that the unpaid monies included child support and property division." After deducting Dr. Beasley's $25,000 payment from 2018, the court set arrears at $77,628.50 and stated it shall accrue statutory interest. The court found Dr. Beasley in civil contempt until he paid $50,000 of the arrearage. The court ordered Dr. Beasley to pay the remaining arrearage, statutory interest on the arrearage, and Mrs. Howard's attorney's fee within 30 days of the entry of the final order. Mrs. Howard's transitional alimony was terminated as of December 31, 2018. Dr. Beasley appealed.

## II.    ISSUE PRESENTED

Dr. Beasley raises a single issue on appeal:

1. Whether the trial court erred by not terminating the Appellant's spousal support obligation back to the date of filing of his Motion to Terminate Transitional Alimony.

## III.    STANDARD OF REVIEW

A trial court's findings of fact are reviewed *de novo* and are presumed correct unless the preponderance of the evidence shows otherwise. Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). Conclusions of law are also reviewed *de novo* but with no presumption of correctness. *Armbrister*, 414 S.W.3d at 692; *Rigsby v. Edmonds*, 395 S.W.3d 728, 734 (Tenn. Ct. App. 2012).

The Supreme Court has stated "that trial courts have broad discretion to determine whether spousal support is needed and, if so, the nature, amount, and duration of the award." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). Further, "[A]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision." *Id.* (quoting *Kinard v. Kinard*, 986 S.W.2d 220, 235 (Tenn. Ct. App. 1998)). Similarly, "a

trial court's decision to modify [spousal support] is given wide latitude within the trial court's range of discretion." *Harris v. Harris*, No. M2008-00601-COA-R3-CV, 2009 WL 416007, at \*3 (Tenn. Ct. App. Feb. 18, 2009) (quoting *Perry v. Perry*, 114 S.W.3d 465, 466-67 (Tenn. 2003)). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

## IV.  DISCUSSION

In this appeal, the parties' dispute involves the court's modification of transitional alimony for Mrs. Howard. "Transitional alimony" may be "awarded when the court finds that rehabilitation is not necessary, but the economically disadvantaged spouse needs assistance to adjust to the economic consequences of a divorce." Tenn. Code Ann. § 36-5-121(g)(1) (2019). *See also Gonsewski*, 350 S.W.3d at 109; *Riggs v. Riggs*, 250 S.W.3d 453, 456 n.5 (Tenn. Ct. App. 2007). Transitional alimony is only modifiable when "(1) the parties agree that it may be modified; (2) the court provides for modification in the divorce decree, decree of legal separation, or order of protection; or (3) the recipient spouse resides with a third person following the divorce." *Mayfield v. Mayfield*, 395 S.W.3d 108, 115 (Tenn. 2012) (citing Tenn. Code Ann. § 36-5-121(g)(2)).

Transitional alimony is not automatically terminated upon the recipient spouse cohabiting with a third person. *Gordon v. Gordon*, No. M2017-01275-COA-R3-CV, 2018 WL 5014239, at \*10 (Tenn. Ct. App. Oct. 16, 2018); *Hickman v. Hickman*, No. E2013-00940-COA-R3-CV, 2014 WL 786506, at \* 7 (Tenn. Ct. App. Feb. 26, 2014). Instead, when a court finds that the recipient is cohabitating with a third person, a rebuttable presumption is created that: (i) the third person is contributing support to the alimony recipient, or that (ii) the third person is receiving the support from the alimony recipient and that the recipient is no longer in need of alimony. Tenn. Code Ann. § 36-5-121(g)(2)(C); *Hickman*, 2014 WL 786506, at \*7. "Once the presumption arises, the alimony recipient bears the burden of demonstrating a need for the previously awarded alimony, notwithstanding the cohabitation." *Hickman*, 2014 WL 786506, at \*7 (quoting *Gentry v. Gentry*, No. M2007-00876-COA-R3-CV, 2008 WL 275881, at \*4 (Tenn. Ct. App. Jan. 31, 2008)). In determining whether the recipient has rebutted the presumption, "a court must examine the financial circumstances of the alimony recipient at the time of the modification hearing, to see whether the recipient has demonstrated a continuing need for the previously awarded amount of alimony." *Id.* Previously, recipient spouses have rebutted the presumption by showing a deficit of funds despite the third-party's support or cohabitation. *See, e.g.*, *Gordon*, 2018 WL 5014239, at \*10; *Hickman*, 2014 WL 78506, at \*8; *Audiffred v. Wertz*, No. M2009-00415-COA-R3-CV, 2009 WL 4573417, at \*1, \*3-4 (Tenn. Ct. App. Dec. 4, 2009).

In the present case, Mrs. Howard admitted that she has cohabited with Mr. Howard

since their marriage in October 2012. Thus, the presumption was raised that she was no longer in need of alimony. *See* Tenn. Code Ann. § 36-5-121(g)(2)(C); *Hickman*, 2014 WL 786506, at *7. Accordingly, Mrs. Howard had the burden of demonstrating a continued need for alimony in spite of her cohabitation with Mr. Howard.

By order entered on October 3, 2019, the trial court terminated Mrs. Howard's transitional alimony as of December 31, 2018. However, the court's final order lacks the reasoning that would explain how it reached this decision. Without the necessary findings of fact and conclusions of law, this Court cannot properly review the trial court's decision.

In actions tried without a jury, the trial court is required to "find the facts specially and . . . state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. These requirements are more than "mere technicalit[ies]." *Babcock v. Babcock*, No. E2014-01670-COA-R3-CV, No. E2014-01672-COA-R3-CV, 2015 WL 1059003, at *6 (Tenn. Ct. App. Mar. 9, 2015) (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009)). The requirements of Rule 52.01 are essential to "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *In re K.H.*, WL 1362314, at *8. A trial court must do more than simply state its decision. *Long v. Long*, No. E2018-01868-COA-R3-CV, 2019 WL 3986281, at *8 (Tenn. Ct. App. Aug. 23, 2019); *Trezevant v. Trezevant*, 568 S.W.3d 595, 622 (Tenn. Ct. App. 2018); *Barnes v. Barnes*, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012). Although there is no single test to determine whether a trial court has complied with Rule 52.01, "the general rule is that 'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Cain-Swope v. Swope*, 523 S.W.3d 79, 86 (Tenn. Ct. App. 2016) (quoting *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013)).

The trial court's final order omits the necessary subsidiary facts that would allow this Court to review its decision. The order states that Mrs. Howard remarried in October 2012 and that Mr. Howard has "a good job with a good income." However, there are no other findings regarding Mr. or Mrs. Howard's income. Mrs. Howard testified that Mr. Howard helps pay household bills, but the court's order includes no such finding. The final order is devoid of findings on the amount of support Mr. Howard provided and whether, even with his support, Mrs. Howard still required alimony to provide for herself and the children.[1] The trial court made no findings on Mrs. Howard's expenses and whether she would incur a deficit without the transitional alimony. Additionally, there are no facts or explanation that would explain why the trial court decided to terminate transitional alimony

---

[1] The trial court's oral ruling was not specifically incorporated into its final order. Thus, its oral statements are not appropriate for this Court's consideration. *See Duke v. Duke*, 563 S.W.3d 885, 898 (Tenn. Ct. App. 2018) (stating "a trial court speaks through its written orders—not through oral statements contained in the transcripts—and that the appellate court reviews the trial court's written orders") (quoting *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015)).

as of December 31, 2018. Without further explanation, we are unable to analyze why the trial chose this date rather than the date the motion to terminate alimony was filed or another date in between.[2] In sum, the final order does not contain sufficient findings that indicate Mrs. Howard successfully rebutted the presumption that she was no longer in need of alimony. In fact, the court did not make a specific finding on whether Mrs. Howard rebutted this presumption. Instead, the majority of its written findings pertain to Dr. Beasley's actions throughout this case, and it "took judicial notice of all the activities that have taken place in this case for the last few years."

The trial court's final order does not allow this Court to properly assess the decision to terminate transitional alimony as of December 31, 2018.[3] We find that the trial court's order does not comply with Rule 52.01 of the Tennessee Rules of Civil Procedure. When an order does not comply with Rule 52.01, this Court may vacate the judgment and remand to the trial court. *See, e.g.*, *Masserano v. Masserano*, No. W2018-01592-COA-R3-CV, 2019 WL 2207476, at *10-11 (Tenn. Ct. App. May 22, 2019); *Swafford v. Swafford*, No. E2017-00095-COA-R3-CV, 2018 WL 1410900, at *6 (Tenn. Ct. App. Mar. 21, 2018) (quoting *Babcock*, 2015 WL 1059003, at *6). Therefore, we vacate the trial court's order terminating alimony as of December 31, 2018 and remand with instructions for the court to properly state its findings of fact and conclusions of law on whether Mrs. Howard rebutted the presumption that she is no longer in need of alimony.

## V. CONCLUSION

For the reasons stated herein, we vacate the trial court's order terminating transitional alimony and remand with instructions for the trial court to make specific findings of fact and conclusions of law in accordance with Tennessee Rule of Civil

---

[2] At oral argument, when counsel for Mrs. Howard was asked why the trial court chose December 31, 2018 as the date of termination, he admitted that he did not recall the court giving an explanation.

[3] Neither party takes issue with the spousal support being labeled as "transitional alimony." When parties enter into an MDA, the primary goal "is to ascertain and give effect to the intent of the parties at the time the agreement was executed." *Foster v. Foster*, No. M2016-01749-COA-R3-CV, 2017 WL 2992979, at *3 (Tenn. Ct. App. July 14, 2017) (citing *Buettner v. Buettner*, 183 S.W.3d 354, 358-59 (Tenn. Ct. App. 2005)). Here, the MDA explicitly states that the spousal support to be paid to Mrs. Howard is transitional alimony, that it is meant to assist Mrs. Howard in adjusting to the economic consequences of divorce, and that Mrs. Howard does not require rehabilitation. Further, although transitional alimony has been described as "a form of short-term support," *Gonsewski*, 350 S.W.3d at 109, in Tennessee, "[t]here are no hard and fast rules for spousal support decisions" because trial courts have broad discretion in determining the "nature, amount, and duration" of the support. *Anderton v. Anderton¸* 988 S.W.2d 675, 682 (Tenn. Ct. App. 1998). In previous cases involving a long-term marriage, such as the present one, transitional alimony awards of nearly ten years have been upheld. *See, e.g.*, *Knizley v. Knizley*, No. M2018-00490-COA-R3-CV, 2019 WL 6358208, at *1-2, *5 (Tenn. Ct. App. Nov. 27, 2019) (finding no abuse of discretion in awarding transitional alimony for nine years after a near-27-year marriage); *Kelly v. Kelly*, No. E2012-02219-COA-R3-CV, 2013 WL 4007832, at *1, *12 (Tenn. Ct. App. Aug. 6, 2013) (modifying the category of alimony from rehabilitative to transitional for a total of eight years after a 20-year marriage), *rev'd on other grounds by Kelly v. Kelly*, 445 S.W.3d 685 (Tenn. 2014).

Procedure 52.01.  Costs of this appeal are taxed equally to the appellant, Breck Markham Beasley, and to the appellee, Candace Renea Howard, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE